IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK A. CAMPBELL,

                Plaintiff,

v.

KEVIN KALLAS, *et al.*,

                Defendants.

ORDER

16-cv-261-jdp

---

Plaintiff Mark A. Campbell, who goes by Nicole Rose Campbell, alleges that she has severe unremitting anatomic gender dysphoria. She filed this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants have violated her constitutional rights under the Eighth Amendment by denying her medical treatment. At plaintiff's request, the court recruited counsel Iana Vladimirova of the law firm of Husch Blackwell in Madison, Wisconsin, to represent her *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to set the calendar in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of her case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in March 2017, as the court's schedule allows.

Finally, plaintiff should appreciate that her counsel took on this representation out of a sense of professional responsibility, which includes representing zealously the clients they take on. Now that she is represented by counsel, plaintiff, too, has responsibilities. All future communications with the court must be through her attorney of record. Plaintiff must also work directly and cooperatively with her attorney, as well as those working at her direction, and must permit counsel to exercise her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to require that counsel follow every directive she makes. Plaintiff should expect her counsel to tell plaintiff what she *needs* to hear, rather than what she might prefer to hear. Plaintiff must understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that she does not wish to work with her lawyer, she is free to alert the court and end the representation. Plaintiff should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent her.

ORDER

IT IS ORDERED that the clerk's office enter Iana Vladimirova of the law firm of Husch Blackwell as plaintiff's *pro bono* counsel of record and to set this case for a status conference in March 2017, as the court's schedule allows.

Entered this 15th day of February, 2017.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge