IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK A. CAMPBELL,
also known as NICOLE ROSE CAMPBELL,

Plaintiff,

v.

KEVIN KALLAS, RYAN HOLZMACHER,
JAMES GREER, GARY ANKARLO, JEFF
ANDERS,
MARY MUSE, MARK WEISGERBER,
ROBERT HABLE, CATHY A. JESS, and
CINDY O'DONNELL,

Defendants.

OPINION & ORDER

16-cv-261-jdp

---

Plaintiff Mark A. Campbell, who goes by Nicole Rose Campbell, is a transgender female inmate in the custody of the Wisconsin Department of Corrections (DOC). She claims that defendants are violating her constitutional rights under the Eighth and Fourteenth Amendments by denying her effective medical treatment for gender dysphoria, particularly sex reassignment surgery. In a May 4, 2018 order, I granted each side's motion for summary judgment in part, concluding that that genuine disputes of material fact concerning whether sex reassignment surgery is medically necessary for Campbell must be resolved at trial, and that defendants were not entitled to summary judgment on their qualified immunity defense. Dkt. 96. Defendants have appealed the May 4 order concerning the qualified immunity defense, Dkt. 97, and they move to stay litigation pending resolution of the appeal, Dkt. 98.

The Seventh Circuit's long-standing rule is that "when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from

damages, the district court must stay proceedings." *Allman v. Smith*, 764 F.3d 682, 684 (7th Cir. 2014) (quoting *Goshtasby v. Bd. of Trs. of Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997)). Campbell does not argue that defendants' qualified immunity defense isn't at least "colorable," so defendants are on solid footing in asking for the stay.

But there is a wrinkle here: even if defendants are entitled to qualified immunity, trial will still be necessary to resolve Campbell's claim for injunctive relief. As Campbell acknowledges, "the Seventh Circuit has jurisdiction over appeals of qualified immunity decision even in cases where claims for injunctive relief are pending." Dkt. 102, at 2 n.2 (citing *Scott v. Lacy*, 811 F.2d 1153, 1153 (7th Cir. 1987)). But that would not necessarily deprive this court of jurisdiction over the claim for injunctive relief. As the Seventh Circuit put it in *Goshtasby*, the reason for staying the district court proceedings pending a qualified-immunity appeal "was not any formal division of 'jurisdiction' between trial and appellate courts—for an appeal from an interlocutory order may endow both courts with authority over discrete portions of the case." 123 F.3d at 429 (citing *Apostol v. Gallion*, 870 F.2d 1135 (7th Cir. 1989)). So Campbell would like this court to press on with trial on her claim for injunctive relief while the qualified-immunity appeal is pending.

Campbell's opposition to the stay is understandable: she has been seeking relief for nearly five years. But it would be inefficient for the parties and the court to conduct separate trials, and the Seventh Circuit's decision on the qualified immunity issue might shed light on the underlying merits of Campbell's constitutional claims. I expect that that Seventh Circuit will decide the appeal expeditiously, and I expect the parties to agree to a prompt trial once the appeal is resolved.

I'll grant defendants' motion to stay the trial. But defendants must respond to the court's Rule 56(f) notice pertaining to Campbell's claims for electrolysis and make-up so that issue can be resolved now.

ORDER

IT IS ORDERED that defendants' motion to stay, Dkt. 98, is GRANTED in part. The trial is taken off the calendar and all trial-related deadlines are suspended pending further order of the court. Defendants must respond to the court's Rule 56(f) notice by the already set deadline of May 22, 2018.

Entered May 16, 2018.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge