IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK A. CAMPBELL,
also known as NICOLE ROSE CAMPBELL,

    Plaintiff,

v.

KEVIN KALLAS, RYAN HOLZMACHER,
JAMES GREER, GARY ANKARLO, JEFF
ANDERS,
MARY MUSE, MARK WEISGERBER,
ROBERT HABLE, CATHY A. JESS, and
CINDY O'DONNELL,

    Defendants.

ORDER

16-cv-261-jdp

---

Plaintiff Mark A. Campbell, who goes by Nicole Rose Campbell, is a transgender female inmate in the custody of the Wisconsin Department of Corrections (DOC). She claims that defendants are violating her constitutional rights by denying her effective medical treatment for gender dysphoria, particularly sex reassignment surgery. In a May 4, 2018 order, I granted each side's motion for summary judgment in part, concluding that that genuine disputes of material fact concerning whether sex reassignment surgery is medically necessary for Campbell must be resolved at trial. Dkt. 96. I identified two claims—concerning makeup and electrolysis—that appeared ripe for judgment independent of the motion under Federal Rule of Civil Procedure 56(f) and allowed defendants the opportunity to explain why judgment should not be entered in Campbell's favor on those claims. I stayed litigation pending resolution of defendants' interlocutory appeal concerning their qualified immunity defense, with one exception: defendants' Rule 56(f) response. Dkt. 104.

Now, defendants have responded to the Rule 56(f) notice. Dkt. 107. They raise several pertinent issues concerning the provision of electrolysis and makeup in the institutional setting, such as the relative expense of electrolysis and whether either treatment would be necessary if Campbell received sex reassignment surgery. I am still not convinced that judgment in Campbell's favor would not be appropriate on these claims. But I am convinced that the task of crafting an appropriate remedy is best delayed until trial so that the parties may present all of the evidence concerning the availability of electrolysis and makeup to male and female inmates in general, the cost of Campbell's requested treatments, and the effect of sex reassignment surgery on Campbell's need for other treatments. So I will not enter judgment in Campbell's favor at this point.

Entered June 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge